UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-304-MOC

| | |
|---|---|
| DENNIS VAN DYKE, Prophet Pastor Pro Se Writer Attorney at Law Saint, <br><br> Plaintiff, <br><br> v. <br><br> FRANK D. WHITNEY, Judge; LOUISE FLANAGAN, Judge; JULIE A. RICHARDS, Clerk, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint which he filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).[1]

Before considering the merits of Plaintiff's complaint, the Court first notes that Plaintiff is a frequent, if not record, filer of *pro se* lawsuits in this district. A review of Plaintiff's history within this district reveals he has filed no less than twenty-three (23) lawsuits, at least fifteen (15) of which were complaints filed under 42 U.S.C. § 1983, along with fifteen (15) accompanying applications to proceed *in forma pauperis*.

On August 1, 2006, the Honorable Graham C. Mullen provided an overview of Plaintiff's allegations in eight (8) of these complaints and made the following findings and issued the following warning in an order granting defendants' motion for summary judgment in a § 1983 case:

---

[1] Plaintiff is currently a prisoner of the State of North Carolina and he is presently incarcerated in the Avery-Mitchell Correctional Institution with a projected release date of May 26, 2016.

1

> On June 21, 2006 alone, Plaintiff filed five separate Complaints requiring this Court's time and resources. All five of those Complaints were dismissed on initial review for failure to state a claim for relief, frivolousness, or failure to file in the proper district. Plaintiff's frequent filings are abusive in that they each require significant time and attention from the Court's legal staff that could be better served on cases that state legitimate constitutional violations. Plaintiff is put on notice that because he has had at least three cases dismissed, in this district alone, as frivolous or for failure to state a claim upon which relief may be granted, <u>he may not file future civil actions or appeal a judgment in a civil proceeding under 28 U.S.C. § 1915 in any federal district</u> unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

(Case No. 1:05-cv-357, Doc. No. 31 at 4) (emphasis in original).

Plaintiff appealed from this order and the United States Court of Appeals for the Fourth Circuit affirmed summary judgment for the defendants for the reasons stated in Judge Mullen's Order. <u>Van Dyke v. Officer O'Donnell, et al.</u>, No. 06-7454 (4th Cir. Mar. 27, 2007).

In the present case, Plaintiff contends that the defendants have erroneously and maliciously ruled against him in several of his § 1983 cases and he argues he should be entitled to an award of $10,000 from each defendant.[2] (1:14-cv-304-MOC, Doc. No. 1: Complaint at 7). Put simply, disagreement with judicial rulings, especially in the context of the allegations presented in this proceeding, certainly presents no claim of imminent physical injury therefore these claims will be dismissed.

Plaintiff also challenges his present confinement in a number of ways. Plaintiff first claims that he is entitled to immediate release or, perhaps in the alternative that he should be awarded credit for federal time he previously served following conviction in this district, and although difficult to discern, he appears to contend that he is erroneously serving a 10-month sentence in state court. Plaintiff also moves for a "New Jury Trial ASAP" but he does not fairly explain why. Next, and quite astonishingly, Plaintiff seeks an order directing the DMV to reinstate his driving privileges. And finally, Plaintiff seeks monetary compensation because he has been subject to

---
[2] Plaintiff's allegations that the rulings were carried out in malice is simply absurd.

Double Jeopardy for some unexplained reason. (Id.). Again, Plaintiff has failed to demonstrate how any of these claims have placed him in imminent risk of physical injury.

Turning to his claims for release, Plaintiff presented the substance, such as it were, of these unlawful incarceration claims in a § 1983 case dismissed by then Chief Judge Conrad in this district pursuant to § 1915(g). See Dennis Roger Vandyke v. Butner Regional, et al., No. 1:12-cv-149-RJC (W.D.N.C. July 18, 2012). Plaintiff's appeal from this order was later dismissed for failure to prosecute. Vandyke v. Butner Regional, et al., No. 12-7389 (4th Cir. filed Oct. 18, 2012). Plaintiff also presented challenges to the legality and length of his incarceration that are nearly indistinguishable from his some of his present claims in a case assigned to Chief Judge Whitney. Following initial review, Judge Whitney entered an order dismissing Plaintiff's complaint, for among other reasons, Plaintiff had failed to establish imminent risk of physical injury. Plaintiff has filed a timely notice of appeal in that case. See Dennis Van Dyke v. U.S. Probation Office, et al., No. 1:14-cv-277-FDW (W.D.N.C. Nov. 14, 2014); Dennis Van Dyke v. U.S. Probation, et al., No. 14-7832 (4th Cir. filed Dec. 15, 2014). See also Dennis Roger Van Dyke v. Wayne Abernathy, et al., No. 5:14-CT-3097-FL (M.D.N.C. Nov. 19, 2014) (dismissing complaint pursuant to § 1915(g) and noting Plaintiff's allegations of imminent physical injury were vague and conclusory) (on December 8, 2014, Plaintiff appealed from this order).

In sum, Plaintiff's disagreement with judicial rulings or his present confinement will not serve to surmount the express limitation on his ability to present claims in a § 1983 proceeding without first satisfying the requirements of § 1915(g). Because Plaintiff has failed to submit the required filing fee, and based on the foregoing, the Court will dismiss this action.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice.**

The Clerk is directed to close this civil case.

Signed: December 22, 2014

Max O. Cogburn Jr.
United States District Judge